802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUGH COCKRUM, Plaintiff-Appellant
v.
STATE OF TENNESSEE AND DEPARTMENT OF CORRECTIONS,
Defendants-Appellees.
 No. 85-5893.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1986.
 
 1
 BEFORE: MARTIN and GUY, Circuit Judges; and SUHRHEINRICH, District Judge*
 
 ORDER
 
 2
 The appellant is appealing the August 26, 1985, order of the district court dismissing his pro se complaint against the State of Tennessee and the Department of Corrections. The district court found that the "Department of Corrections is not a suable entity under the Civil Rights Act [42 U.S.C. Sec. 1983] and, as an agency of the state is immune from a suit for damages."
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 When ordering a sua sponte dismissal of a plaintiff's complaint, this Court requires that the district court:
 
 
 5
 (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the complaint is dismissed, state its reasons for dismissal.
 
 
 6
 Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983).
 
 
 7
 If a case is dismissed pursuant to 28 U.S.C. Sec. 1915(d), the district court is required to "explicitly state that the statute is being invoked and that the complaint is being dismissed as frivolous." Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986).
 
 
 8
 The district court did not follow the procedures of Tingler or Harris.
 
 
 9
 Accordingly, it is ORDERED that the district court judgment be vacated and the case is remanded for further proceedings consistent with this order. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation