Rochester HARRIS, Plaintiff-Appellant,

v.

Perry JOHNSON, Director, et al., Defendants-Appellees.

No. 84–1459.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1985.

Decided Feb. 24, 1986.

Alvertis W. Bishop, Jr., argued, court appointed pro bono, Cincinnati, Ohio, for plaintiff-appellant.

Frank J. Kelley, Atty. Gen., Lansing, Mich., Edgar L. Church, Jr., argued, Asst. Atty. Gen., Lansing, Mich., for defendants-appellees.

Before NATHANIEL R. JONES and WELLFORD, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

In this appeal the court is once again faced with the issue of the proper procedure to be followed by a district court in ordering a *sua sponte* dismissal of a plaintiff's complaint. In *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983), we held that a district court could not *sua sponte* dismiss a complaint on the merits before it is served on the defendants and without prior notice to the plaintiff. Instead, we required that

> a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the complaint is dismissed, state its reasons for dismissal.

716 F.2d at 1112. The question whether these requirements would apply to the *sua sponte* dismissal of an *in forma pauperis* complaint as frivolous under 28 U.S.C. § 1915(d) was specifically left undecided. *Id.* at 1111.

Later cases held that the *Tingler* procedures are not required in *sua sponte* dismissals as frivolous under section 1915(d). *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir.1985); *see also Spruytte v. Walters,* 753 F.2d 498 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986). The reasoning behind this exception is self-evident. Section 1915 authorizes the court to permit a plaintiff to file a complaint without payment of fees and costs upon presentation of an affidavit that he is unable to do so. 28 U.S.C. § 1915(a). To prevent abuse of the privilege, and to protect defendants and the government from incurring the costs of further proceedings, the court is authorized to dismiss the case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Obviously, an overlay of the *Tingler* procedures would defeat the very purpose of section 1915(d) dismissals.

Plaintiff in this case, Rochester Harris, was incarcerated at the State Prison of Southern Michigan. On May 4, 1984, he filed a *pro se* complaint against Perry Johnson, Director of the Michigan Department of Corrections, alleging racial discrimination by prison officials in hindering Harris's efforts to market commercially an electronic device he allegedly invented while in prison. Harris made no factual allegations indicating specific acts and no allegation of personal involvement of the only named defendant, Johnson. On May 16, before service upon the defendant and without prior notice, the court granted Harris's motion to proceed *in forma pauperis* and then filed an opinion that dismissed the complaint stating that "it appears beyond doubt that plaintiff's allegations preclude him from proving any set of facts which would entitle him to relief from the defendant...." Memo. op. at 5 (May 16, 1984). The court did not state that the complaint was frivolous or that the dismissal was entered pursuant to section 1915(d).

■ The *Tingler* opinion amply sets forth the policy considerations that weigh against pre-answer *sua sponte* dismissals and the reasons the *Tingler* protective procedures are necessary. *See* 716 F.2d at 1111–12. The importance of the *Tingler* procedures requires us again to invoke our supervisory powers to hold that if a dismissal is to occur *sua sponte* under the limited exceptions provided by section 1915(d), the trial court must explicitly state that the statute is being invoked and that the complaint is being dismissed as frivolous.[1] In so holding, we recognize that the standards for dismissal as frivolous under section 1915(d) and dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, are identical in this circuit. *See Malone v. Colyer*, 710 F.2d 258, 261 (6th Cir.1983). Nevertheless, this court will continue to look closely at early *sua sponte* dismissals under section 1915(d). *In forma pauperis* actions are typically filed *pro se; pro se* complaints are to be "liberally construed" and "must be held to 'less stringent standards then formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). The difficulties that a *pro se* complainant faces in drafting a sufficient pleading are compounded by the fact that pre-answer *sua sponte* dismissals will normally forestall any opportunity to amend the complaint. *See Tingler*, 716 F.2d at 1111. *See also Morrison v. Tomano*, 755 F.2d 515, 516–17 (6th Cir.1985) (Even where dismissal was without prejudice, and thus not on the merits so that the full panoply of *Tingler* procedures were not required, trial court erred in not allowing amendment of complaint prior to *sua sponte* dismissal). By compelling the district court to focus upon and state the precise basis of its dismissal decision, our holding will help ensure that the complaint receives proper consideration and will clarify for future appeals the issue whether the *Tingler* procedures should or should not have been applied.

■ Had the district court in this case relied explicitly on section 1915(d) we would see no grounds for reversal. We are, however, unable to determine from the record whether the trial court has ruled that the complaint is frivolous under that provision. In accordance with this opinion, therefore, the case is REMANDED for clarification. The trial court is instructed either to amend its judgment to state that dismissal is ordered pursuant to section 1915(d) or, if the court determines that the complaint is not frivolous, to reopen the case and apply the *Tingler* procedures.

---

1. As noted above, section 1915(d) also permits the district court to dismiss *in forma pauperis* complaints if "the allegation of poverty is untrue, or if satisfied that the action is … malicious." 28 U.S.C. 1915(d). If either of these alternate grounds for dismissal is relied upon, the district court must so state.