805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffery PONDER, Plaintiff-Appellant,
v.
Matt AMEL, et al., Defendants-Appellees.
 No. 84-1009.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 Before ENGEL and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellees have chosen not to participate in the appeal. After examination of the record and the informal brief filed by appellant, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed an action pursuant to 42 U.S.C. Sec. 1983 in which he maintained that his right to privacy had been abridged by the release of confidential information that he had previously entrusted with appellee Matt Amel. Specifically, appellant allowed that he had entrusted Amel, his resident manager at the Marquette Branch Prison in Michigan, with his sister's address and telephone number, with such information to be used only in case of an emergency. Shortly after doing so, however, appellant's sister received an anonymous telephone call threatening reprisals against her and her family should he provide testimony in regard to a stabbing that had taken place at the prison. In the belief that the caller had obtained his sister's telephone number through appellee Amel's disclosure of that confidential information, appellant filed this action for both money damages and injunctive relief pursuant to 42 U.S.C. Sec. 1983. By judgment entered on November 9, 1983, however, the district court ordered the dismissal of the complaint and appellant subsequently sought review of that action before this Court. Upon its initial consideration of the case, this Court ordered its remand to the district court for clarification of the basis of the decision to dismiss the complaint. In its amended judgment of March 21, 1986, the district court stated its conclusion that appellant's action was frivolous and that it could therefore be dismissed pursuant to 28 U.S.C. Sec. 1915(d). As a result, the sole issue now before this Court is the question of whether the district court erred in making that determination.
 
 
 3
 The standard for determining the propriety of the dismissal of a complaint such as that of appellant as frivolous pursuant to 28 U.S.C. Sec. 1915(d) is identical to that utilized in evaluating the merits of a motion under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss for failure to state a claim for which relief can be granted. Specifically, a court may dismiss a complaint filed in forma pauperis for reasons of frivolity if it can conclude that the plaintiff would not be entitled to recovery upon his proof of any possible set of facts. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). When applied to the facts of the present appeal, that standard indicates that the district court did not err in dismissing the complaint. Claims grounded upon the right of privacy generally do not rise to the level of constitutional magnitude unless the particular privacy interest involved can be deemed to be fundamental or implicit in the concept of ordered liberty. Paul v. Davis, 424 U.S. 693 (1976); J.P. v. DeSanti, 653 F.2d 1080 (6th Cir.1981). Appellant's interest in the confidentiality of his sister's address and phone number simply does not fall within that narrow range of cases, especially in light of the fact that such information had already been published in the Flint, Michigan telephone directory. As a result, appellant did not have a cognizable claim under 42 U.S.C. Sec. 1983.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered March 21, 1986 be and hereby is affirmed.