811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald Stephen CLARK, Plaintiff-Appellant,
v.
Gene SCROGGY, Warden, et al., Defendants-Appellees.
 No. 86-5139.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1986.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court purusant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he alleged that his rights to due process and freedom from cruel and unusual punishment had been abridged as a result of a prison disciplinary hearing. As a result of that proceeding, appellant was found to have been in possession of dangerous contraband, specifically marijuana, for which he was assessed the maximum penalty of loss of 180 days good time credit and placement in administrative segregation for 90 days. Prior to allowing service of the complaint upon any of the named defendants, however, the district court ordered its dismissal as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Appellant then filed this appeal from that judgment.
 
 
 3
 The standard for determining the propriety of the dismissal of a complaint such as that of appellant as frivolous pursuant to 28 U.S.C. Sec. 1915(d) as identical to that employed in evaluating the merits of a motion under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Specifically, a court may dismiss an action filed in forma pauperis for reasons of frivolity if it can conclude that the plaintiff would not be entitled to recovery upon his proof of any possible set of facts. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). When applied to the facts of the present appeal, that standard indicates that the district court did not err in dismissing the complaint. First, none of the specific due process entitlements asserted by appellant falls within the narrow range of such interests as are guaranteed to an inmate in the context of prison disciplinary proceeding. Superintendent, Massachusetts Correctional Institution v. Hill, 470 U.S. 1084, 105 S.Ct. 2768 (1985); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974). Likewise, appellant's claim that the imposition upon him of the maximum punishment for the particular disciplinary infraction of which he was found guilty does not constitute cruel and unusual punishment as there is no indication that the penalty entailed the wanton or unnecessary infliction of pain or was grossly disproportionate to the severity of his offense. Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392 (1981). Consequently, it would appear that appellant failed to set forth any grounds sufficient to give rise to a claim for relief under 42 U.S.C. Sec. 1983 and the district court therefore properly dismissed his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court entered December 31, 1985, be and hereby is affirmed.