815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Major Roosevelt POLK, Plaintiff-Appellant,
v.
K-MART DEPARTMENT STORE and State of Tennessee, Defendants-Appellees.
 No. 86-6258.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before: MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. After examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, who is currently incarcerated at the Deberry Correctional Institution in Nashville, filed a civil action in the district court for the Middle District of Tennessee. As the basis of his complaint, he alleged that appellee State of Tennessee had illegally secured his conviction for bank robbery by use of perjured testimony supplied by various unidentified employees of appellee K-Mart Department Store. After initially determining that appellant was entitled to file his complaint in forma pauperis, the district court also concluded that it should be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Appellant thereafter filed this appeal.
 
 
 3
 The standard for determining the propriety of the dismissal of a complaint such as appellant's as frivolous pursuant to 28 U.S.C. Sec. 1915(d) is identical to that employed in evaluating the merits of a motion under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. Specifically, a court may dismiss an action filed in forma pauperis for reasons of frivolity if it can conclude that, even if the facts contained in the complaint are assumed to be true, the plaintiff would not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). Examination of appellant's complaint indicates that the district court properly applied that standard in this case. In short, assuming the truth of appellant's basic allegation that appellees acting in concert secured his criminal conviction by use of perjured testimony, he is still not entitled to relief as both those parties are immune from suit in consequence of such actions. Briscoe v. LaHue, 460 U.S. 325 (1983); Alabama v. Pugh, 438 U.S. 781 (1978). Accordingly, the district court did not err in concluding that appellant's complaint was frivolous and directing its dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the final order of the district court entered November 21, 1986, is affirmed.