815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. TURNER, Plaintiff-Appellant,
v.
Norman A. FUERST, Defendant-Appellee.
 No. 86-3911.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Marion Correctional Institution, submitted an application for leave to proceed in forma pauperis and a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Northern District of Ohio. After granting the request for pauper status and allowing the filing of the complaint, the district court determined that appellant's action was frivolous and therefore ordered its dismissal pursuant to 28 U.S.C. Sec. 1915(d). Appellant thereafter filed this appeal.
 
 
 3
 Examination of the record, particularly the complaint, indicates that the district court correctly determined that appellant's claim should be dismissed for reason of frivolity under 28 U.S.C. Sec. 1915(d). Specifically, a district court may pursuant to that statute properly dismiss an action filed in forma pauperis if, assuming the truth of the factual allegations appearing in the complaint, it is possible to conclude that the plaintiff could prove no set of circumstances which would entitle him to relief. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986).
 
 
 4
 The appellant complains that his civil rights were violated by the appellee's denial of his petition for a writ of habeas corpus. Even if that allegation were true, the appellee, Judge Fuerst, is immune from liability for damages based on the denial of that writ because he was acting in his judicial capacity and did not act in "clear absence of all jurisdiction." See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The district court therefore did not err in determining that appellant's claim was frivolous and ordering its dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the district court's final order entered August 15, 1986, is affirmed.