815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian L. COLEMAN, Jr., Plaintiff-Appellant,
v.
Gary LIVESAY, Warden, Southeast Tennessee Regional
Correctional Facility; Larry Frisby; and Cpl.
Smith, Defendants-Appellees.
 No. 86-5321.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals pro se from the district court's judgment dismissing his prisoner civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff specifically alleges that several state prison employees intentionally deprived him of his personal property without procedural due process by failing to take custody of his property during plaintiff's medical treatment and by failing to stop several inmates from later destroying it. The district court allowed plaintiff an opportunity to cure his complaint before ultimately dismissing it for failure to state a claim under 42 U.S.C. Sec. 1983. Plaintiff amended his complaint to state that he is without an adequate state remedy because a Tennessee claims proceeding bars claims where the state employees acted maliciously and willfully, as plaintiff asserts. Upon review of the complaint, the district court dismissed the complaint.
 
 
 3
 The district court properly followed the procedural requirements set forth in Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). In dismissing a complaint for failure to state a claim, a district court may properly do so only if it can conclude that assuming all of plaintiff's factual allegations to be true, he would still not be entitled to relief under any set of circumstances. See e.g. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Such is the case in this appeal. We affirm for the reasons set forth by the district court in the order on appeal.
 
 
 4
 For these reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.