816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie PRICE, Plaintiff-Appellant,
v.
Donal CAMPBELL, Warden; Bruce Coats, Chairman Grievance
Committee; Claudi Estes, Correctional Officer,
Turney Center, Defendants-Appellees.
 No. 86-5521.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this civil rights action for monetary and injunctive relief against several prison officials alleging that a prison officer without provocation deliberately and severely injured him by snatching a chair out from under the telephone chair where plaintiff was sitting. After being denied relief through the prison grievance procedure, plaintiff sued the prison guard, the warden, and the grievance committee chairman for violating his rights under the Eighth and Fourteenth Amendments. Upon consideration of the Magistrate's report and plaintiff's objections filed thereto, the district court adopted the recommendation of the Magistrate and dismissed the suit as frivolous citing 28 U.S.C. Sec. 1915(d).
 
 
 3
 The standard for determining the propriety of a sua sponte dismissal for frivolity under 28 U.S.C. Sec. 1915(d) is the same as that employed in evaluating dismissals under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The court must assume as true all of the plaintiff's allegations to conclude that he would not be entitled to relief under any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruyette v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). An examination of plaintiff's allegations indicates that the district court properly applied this standard in dismissing plaintiff's suit against the defendants, Warden Campbell and Grievance Committee Chairman Coats. Plaintiff does not allege sufficient facts to show the direct involvement of the warden; nor does he support his claim of conspiracy against the grievance committee chairman for the delay in responding to plaintiff's grievance. Therefore, we affirm the dismissal of these claims for the reasons set forth by the district court in the order on appeal.
 
 
 4
 As to the prison guard, we conclude that the district court improperly dismissed the complaint because it is not clear whether the guard had ordered the plaintiff to get off the chair before pulling it out from under him. Plaintiff expressly objected to the Magistrate's finding that he had been ordered off the chair. This is a question of material fact to plaintiff's cause of action. If there was no reason for the guard to pull away the chair, a jury could infer that this act was done with the purpose of inflicting unnecessary injury on the plaintiff. Thus, the plaintiff has stated a facial cause of action for cruel and unusual punishment. See Whitley v. Albers, 106 S.Ct. 1078, 1085 (1986).
 
 
 5
 Accordingly, that part of the final order of the district court dismissing the claim against the prison guard Estes regarding the alleged assault is hereby vacated and the case remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit. That part of the district court's order, however, that dismissed the plaintiff's claims against Warden Campbell and Grievance Board Chairman Coats is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.