816 F.2d 678
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WALTER BRADLEY, Plaintiff-Appellant,
v.
Richard LANG: Steven M. Singer, Defendants-Appellees.
 No. 86-3578.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1987.
 
 1
 Before WELLFORD and PECK, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and we conclude that no oral argument is necessary. Appellant has also moved for the appointment of counsel.
 
 
 3
 Appellant, acting pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Southern District of Ohio. In support of his claim for both compensatory and punitive damages, he alleged that appellees had acted to secure the termination of his enrollment in a pretechnical job training program at the University of Cincinnati in violation of his due process rights. The district court, however, concluded that appellant's claim was frivolous and accordingly entered a judgment dismissing the complaint pursuant to 28 U.S.C. Sec. 1915(d). Appellant thereafter filed this appeal.
 
 
 4
 Review of the record indicates that the district court correctly determined that the action should be dismissed for reason of frivolity under 28 U.S.C. Sec. 1915(d). Specifically, a district court may, pursuant to that statute, properly dismiss an action filed in forma pauperis if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). Such is the case in the present appeal as examination of the complaint and the supporting materials appellant has appended thereto indicates that the cancellation of his registration in the pretechnical program was the product of an agreement to that effect achieved during an interview involving appellant, appellee Lang and another university official. As a result, the events of which appellant now complains were done with his consent and the availability of a meeting with university authorities fulfilled the requirements of due process applicable to situations of this type. See Goss Lopez, 419 U.S. 565 (1975); Boddie v. Connecticut, 401 U.S. 371 (1971); Hall v. Medical of Ohio at Toledo, 742 F.2d 299 (6th Cir. 1984), cert. denied, 469 U.S. 1113 (1985). Accordingly, the district court properly dismissed appellant's complaint.
 
 
 5
 Therefore, the motion for appointment of counsel is hereby denied and the district court's final judgment entered June 16, 1986, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation