826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Lee MAXBERRY, Plaintiff-Appellant,
v.
The EASTERN PLASMA OF OHIO; the Plasma Alliance of Kentucky;
Commonwealth Plasma (Alpha) Kentucky, Defendants-Appellees.
 No. 87-3022
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1987.
 
 ORDER
 Before KENNEDY, MILBURN and NORRIS, Circuit Judges.
 
 
 1
 This pro se plaintiff seeks review of a judgment of the district court which dismissed his cause of action filed pursuant to the Civil Rights Act, 42 U.S.C. Sec. 1983, and the Freedom of Information Act, 5 U.S.C. Sec. 552. Upon examination of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. Sec. 1983, and the Freedom of Information Act, 5 U.S.C. Sec. 552, in the district court for the Southern District of Ohio. In support of his claim under the former statute, plaintiff generally alleged that defendants, all of which are privately-operated blood banks, had failed to apprise him that the 'enzyme levels' in his blood were low and therefore thwarted his continuing eligibility to act as a blood donor. As the basis of his claim under the Freedom of Information Act, plaintiff requested that defendants be enjoined from disseminating any information within their possession regarding the condition of his blood. Upon review of the complaint, however, the district court concluded that plaintiff's claims were frivolous and therefore directed their dismissal pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed.
 
 
 3
 A district court may properly dismiss an action for reason of frivolity under 28 U.S.C. Sec. 1915(a) only if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). The district court properly applied that standard in this case. First, in regard to the claims brought pursuant to 42 U.S.C. Sec. 1983, plaintiff can state a valid cause of action only if he can plead both that he was deprived of a right or interest secured by the Constitution or the laws of the United States and that defendants deprived him of the right or interest while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 576 (6th Cir. 1979). Examination of the complaint indicates that plaintiff failed to plead either of those elements in this case.
 
 
 4
 Likewise, plaintiff can not obtain relief pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552. That statute on its face applies only to agencies of the federal government. Defendants, however, are clearly private institutions that do not fall within the purview of that act. As a result, the district court did not err in concluding that plaintiff's claims are frivolous and ordering their dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Accordingly, the final judgment of the district court entered December 23, 1986, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.