828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald R. COLEMAN, Jr., Plaintiff-Appellant,
v.
Richard P. SEITER, Ronald C. Marshall, W. D. Chambliss, and
Judith Allen, Defendants-Appellees.
 No. 85-3878
 United States Court of Appeals, Sixth Circuit.
 September 8, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Coleman is an inmate in the Southern Ohio Correctional Facility in Lucasville, Ohio. Coleman ordered a book entitled 'Protective Custody in Adult Correctional Facilities' from the American Correctional Association, but never received it. Defendant-appellee Allen sent a notice to Coleman informing him that the book was being withheld, pursuant to Ohio Administrative Code Regulation 5120-9-19, because the book was 'inflammatory.'[1] The book apparently describes the layout of cell blocks, towers, etc., and explains prison procedures.
 
 
 2
 Coleman sued the director of corrections and other prison officials under 42 U.S.C., section 1983. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C., section 1915(d), finding no constitutional deprivation. The court relied primarily on the wide deference due prison officials in matters of prison discipline and security. Coleman appealed the dismissal.
 
 
 3
 This appeal concerns a prisoner's first amendment right to receive mail and challenges an Ohio regulation as an unconstitutional deprivation of that right. The district court dismissed the case as frivolous. The court did not, however, have an opportunity to address two recent cases which indicate that plaintiff may have a valid claim. See Martin v. Kelly, 803 F.2d 236 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177 (6th Cir. 1985).
 
 
 4
 A complaint may be dismissed as frivolous under section 1915(d) 'if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 106 S. Ct. 788 (1986). A pro se complaint, moreover, must be liberally construed and held to 'less stringent standards then [sic] formal pleadings drafted by lawyers.' Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Spruytte, 753 F.2d at 501.
 
 
 5
 Martin and Brooks deal with the issues raised in this case, and we therefore REMAND this case for reconsideration in light of the principles expressed therein.
 
 
 
 [1]
 According to the regulation, printed material may be withheld if it is 'inflammatory' in that 'the presence of the printed material in the institution would constitute a clear and present danger to the security or safety of the institution.' Ohio Admin. Code section 5120-9-19. To constitute a 'clear and present danger' the material must meet at least one of the following criteria:
 (a) Printed material which incites, aids, or abets criminal activity, such as rioting or illegal drug use.
 (b) Printed material which incites, aids, or abets physical violence against others, including instruction in making, using, or converting weapons.
 (c) Printed material which incites, aids, or abets escape, such as instruction in picking locks or digging tunnels.
 Id. section 5120-9-19(D)(2).