842 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CRAWFORD, Plaintiff-Appellant,
v.
Gary LIVESAY, Warden, et al., Defendants-Appellees.
 87-5999.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before KEITH, BOYCE F. MARTIN Jr., and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 13, 1987, plaintiff, a Tennessee prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Tennessee. In support of his claim for both compensatory and punitive damages, he alleged that on May 19, 1985, defendants had compelled him to operate a seriously defective backhoe which resulted in an accident causing him significant physical injuries including two broken legs. Despite the serious nature of the alleged injuries, the district court determined that plaintiff's claim was time-barred as it was filed after the running of the one-year statute of limitations contained in Tenn.Code Ann. Sec. 28-3-104. Accordingly, the district court concluded that plaintiff's cause of action was frivolous and therefore directed its dismissal pursuant to 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 3
 A dismissal for reason of frivolity under 28 U.S.C. Sec. 1915(d) is authorized only when the court, assuming the truth of each of the allegations appearing in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of facts. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986).
 
 
 4
 Upon review, we conclude that additional facts are present in this appeal which could potentially prevent the running of the statute of limitations and thereby render plaintiff's filing of his complaint timely. In particular, it is clear to the panel that plaintiff has also sought to recover for his injuries by filing a claim before the Tennessee Claims Commission. Under the proper circumstances such an action will toll the running of the statute of limitations under Tenn.Code Ann. Sec. 9-8-402(b) or implicate the operation of Tenn.Code Ann. Sec. 28-1-105, the Tennessee saving statute. As the district court's determination that plaintiff's cause of action is time-barred does not consider the potential operation of those statutory provisions, it is not yet certain that he could prove no set of facts which entitle him to relief. The decision that plaintiff's cause of action is frivolous and subject to dismissal under 28 U.S.C. Sec. 1915(d) is therefore inappropriate at this time.
 
 
 5
 Accordingly, the final judgment of the district court entered August 5, 1987, is hereby vacated and this case is remanded for further proceedings consistent with this order including service of the complaint upon defendant. Rule 9(b)(6), Rules of the Sixth Circuit.