845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Alton HAYES, Plaintiff-Appellant,
v.
David COOPER; Mark Beveridge; Joy Sims, Defendant-Appellee.
 No. 88-5005.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 ORDER
 This pro se plaintiff appeals an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Secs. 1983 and 1985. He now moves for the production of transcripts of various state criminal proceedings at government expense. Upon examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument if not needed. Fed.R.App.P. 34(a).
 Plaintiff filed a complaint pursuant to 42 U.S.C. Secs. 1983 and 1985 in the district court for the Middle District of Tennessee. In support of his request for declaratory relief and monetary damages, he alleged that defendants had violated his constitutional rights by failing to secure the prosecution and conviction of another individual with whom he had engaged in various criminal acts. Upon review of the complaint, however, the district court determined that plaintiff's claims were frivolous and ordered the dismissal of the action pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed.
 A district court may properly dismiss a cause of action for reason of frivolity under 28 U.S.C. Sec. 1915(d) if it, assuming the truth of all the allegations appearing in the complaint, can conclude that the plaintiff would not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986). The district court correctly applied that standard in this case as examination of the complaint discloses that plaintiff sought to recover from defendants on the basis of their acts as either prosecuting attorneys or court-appointed public defenders. Prosecuting attorneys, however, are absolutely immune from suit for actions such as are alleged in this case. Imbler v. Pachtman, 424 U.S. 409 (1976); Joseph v. Patterson, 795 F.2d 549 (6th Cir.1986), cert. denied, 107 S.Ct. 1910 (1987). Furthermore, court appointed defenders do not act under the color of state law so as to give rise to a claim under 42 U.S.C. Sec. 1983. See Polk County v. Dodson, 454 U.S. 312 (1981). Moreover, insofar as plaintiff maintains that his cause of action is based upon the defendants' violation of 42 U.S.C. Sec. 1985, that claim must also fail as he has simply failed to plead the existence of facts necessary to give rise to an action under that statute. United Bhd. of Carpenters v. Scott, 463 U.S. 825, 839-40 n. 1 (1983) (Blackmun, J., dissenting).
 
 
 1
 Accordingly, the motion for production of transcripts at government expense is hereby denied and the final order of the district court entered December 10, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.