849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester W. CAMPBELL, Plaintiff-Appellant,
v.
Roy C. HAYES, Robert Hayes, U.S. Attorney, Keith Corbett,
Assistant U.S. Attorney, Kenneth Walton "F.B.I.",
Patrick Bresnahan "F.B.I.", William
Coonce "D.E.A.", Defendants-Appellees.
 No. 87-2204.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1988.
 
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff, a federal pretrial detainee, appeals the district court's sua sponte dismissal of his Bivens action under 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Plaintiff has also filed a motion to vacate or reverse the district court's judgment. The defendants have elected not to respond to this motion.
 
 
 2
 Plaintiff sued the United States Attorney for the Eastern District of Michigan, an Assistant United States Attorney, the special agent in charge of the Federal Bureau of Investigation (FBI), an FBI special agent, the Special Agent in Charge of the Drug Enforcement Administration's Michigan office, a United States Magistrate and other unidentified federal employees, for alleged violations of his rights under the first, fourth, fifth, sixth, eighth, thirteenth and fourteenth amendments. In essence he claimed that the defendants conspired to search his home and vehicle without probable cause. Several firearms and controlled substances were confiscated during the search. The plaintiff requested compensatory and punitive damages, and injunctive and declaratory relief prohibiting the United States Attorney's Office from acting in the instant case and from subsequently bringing civil or criminal charges against him. Criminal charges also appear to be pending.
 
 
 3
 The district court denied as moot the claim for injunctive relief and dismissed the complaint with prejudice under 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we conclude that the district court's disposition of this case was improper. The complaint was not filed under the in forma pauperis statute. Thus, the district court's sua sponte dismissal of the suit pursuant to 28 U.S.C. Sec. 1915(d) was an abuse of discretion. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). Accordingly, upon remand of this case the suit should proceed in normal course against all defendants except the United States Magistrate. We shall affirm the judgment dismissing the suit with prejudice as to the Magistrate. She had filed a motion to dismiss the suit in the district court and it is apparent that the Magistrate is absolutely immune from liability in this suit. See Stump v. Sparkman, 435 U.S. 349 (1978); Sevier v. Turner, 742 F.2d 262, 271-72 (6th Cir.1984).
 
 
 5
 Accordingly, the petitioner's motion to vacate is hereby denied as such is not authorized under the Rules of the Sixth Circuit. The district court's judgment dismissing the Magistrate with prejudice is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. The judgment dismissing the suit as to all remaining parties is vacated and the case is hereby remanded for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.