860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George HOLMAN, Plaintiff-Appellant,
v.
Joyce FELTS, Cpl.; Paulette Boddie; Frances Markham; Lucy
Baucom; Dwite Tramble; Betty Cook; Charles Bass; Stephen
Norris; James Hambrick; Ned McWherter; John Doe Surety
Company, Defendants-Appellees.
 No. 88-5468.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 George Holman appeals the dismissal of his prisoner civil rights complaint filed under 42 U.S.C. Sec. 1983, in which he alleged a denial of his constitutional rights in two disciplinary proceedings. Holman was found guilty of "making an unauthorized financial transaction" and "escape" while he was an inmate at the Nashville Community Service Center. Plaintiff alleged that the disciplinary proceedings violated his constitutional rights because: (1) inappropriate offenses were assigned as his misconduct; (2) an important witness did not testify in his behalf; and (3) he was not provided the inmate counsel of his choice in violation of prison policy. The district court dismissed plaintiff's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 We conclude that the complaint was properly dismissed because it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986). First, this court has stated that it will not "interfere with the discretion of the prison authorities to define offenses under their internal rules and to assign offenses in particular cases." Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987). Therefore, plaintiff's challenge to the determination that his conduct constituted the offenses in question must fail.
 
 
 4
 Likewise, plaintiff's claim that a witness did not testify in his behalf must fail. Although an inmate has the right to request witnesses in his defense, Wolff v. McDonnell, 418 U.S. 539, 566-69 (1974), plaintiff did not allege that he requested any witnesses. The disciplinary records indicate that plaintiff requested no witnesses. In any event, plaintiff failed to allege how the witness would have aided his defense. Therefore, no constitutional violation has been stated.
 
 
 5
 Finally, plaintiff's claim that he was denied the inmate counsel of his choice also must fail. Generally, plaintiff has no right to inmate counsel under normal circumstances. See Wolff, 418 U.S. at 570. Even if the prison policy in question creates a liberty interest, we conclude that defendants did not deprive plaintiff of the liberty interest unfairly because inmate counsel was provided. Again, plaintiff failed to allege how different inmate counsel would have changed the disciplinary proceeding. Therefore, no constitutional violation has been stated.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.