869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry L. CARVER, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, DEPARTMENT OF CORRECTIONS; Howard G.
Cook; Larry Lack; Joe M. Kpava; Milton E.
Jones; Penny A. Bernhardt, Defendants-Appellees.
 No. 88-5601.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner requests the appointment of counsel in this appeal from the district court's order sua sponte dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, Terry Carver alleged that defendants deprived him of protected rights by reclassifying him from medium to close security and denying him an opportunity to participate in vocational training. The district court determined that Carver's claims were frivolous and sua sponte dismissed the complaint. On appeal, Carver asserts that the district court erroneously dismissed the complaint without first effecting service on defendants or allowing him an opportunity to amend the complaint. We disagree.
 
 
 3
 Sua sponte dismissal was proper because it appears beyond doubt that Carver can present no set of facts which would entitle him to the relief he seeks. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Contrary to Carver's assertions, he has no protected interest in a particular security classification or rehabilitation program. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Additionally, because the district court properly relied on Sec. 1915(d) in dismissing plaintiff's suit, prior service on defendants and notice to plaintiff were not required. See Harris, 784 F.2d at 223.
 
 
 4
 Accordingly, the request for appointment of counsel is denied and the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.