869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ermas William THOMAS, Plaintiff-Appellant,
v.
Daniel T. GOYETTE, Defendant-Appellee.
 No. 88-5728.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky prisoner requests the appointment of counsel in this appeal from the district court's opinion and order dismissing his civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is unnecessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff alleged that defendant Goyette, Kentucky's Public Advocate, deprived him of due process, equal protection and his right to counsel. Plaintiff complained that he was denied a fair trial on criminal charges because defendant appointed an attorney to represent him who allegedly failed to provide effective assistance of counsel. Plaintiff requested injunctive relief and compensatory damages of 1.1 million dollars.
 
 
 3
 Upon review we agree that dismissal under 28 U.S.C. Sec. 1915(d) was proper because it appears beyond doubt that plaintiff can prove no facts that would entitle him to the relief he seeks. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258 (6th Cir.1983). The complaint is frivolous because plaintiff failed to allege a constitutional deprivation under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Defendant, as Public Advocate for Kentucky, is charged with the representation and defense of indigent criminal defendants. See Ky.Rev.Stat. Sec. 31.030; Ex Parte Farley, 570 S.W.2d 617, 620 (Ky.1978). An attorney who represents an indigent criminal defendant is not a state actor for purposes of Sec. 1983. See Polk County v. Dodson, 454 U.S. 312, 321 (1981).
 
 
 4
 Accordingly, the motion for appointment of counsel is denied. The district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.