914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene F. PAGE, Plaintiff-Appellant,
v.
Barbara ALBERTSON, County Clerk, Defendant-Appellee.
 No. 89-2256.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1990.
 
 Before MERRITT, Chief Judge and RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gene F. Page, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Page filed a suit against Barbara Albertson, the Bay County Michigan Circuit Court Clerk, in her individual capacity. He alleged that Albertson violated his constitutional right of access to the courts by not processing his post-conviction motion. Page sought a permanent injunction, $200 in damages, and all fees and costs that were waived in mandamus proceedings. The district court dismissed his complaint as frivolous under 28 U.S.C. Sec. 1915(d). The court found that Albertson's failure, if any, to perform a ministerial duty that was part of the judicial process was clothed with quasi-judicial immunity, and so Page could not succeed in his suit. The court subsequently denied Page's motion for reconsideration.
 
 
 3
 On appeal, Page generally argues that the district court erred in dismissing his complaint on the basis of quasi-judicial immunity, and in dismissing the complaint before it was served upon Albertson.
 
 
 4
 We find Page's second argument, which relies specifically on Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), lacks merit because Tingler procedures are not applicable to sua sponte dismissals for frivolousness when the court, as in this case, expressly cites to 28 U.S.C. Sec. 1915(d). Harris v. Johnson, 784 F.2d 222, 223 (6th Cir.1986).
 
 
 5
 Page's first argument, however, may have some merit. The court clerk's alleged failure to file or assign Page's motion promptly might be characterized under Michigan state law as an administrative act which would not be subject to quasi-judicial immunity. Morrison v. Lipscomb, 877 F.2d 463, 467-68 (6th Cir.1989).
 
 
 6
 Nonetheless, we affirm the dismissal because Page lacks an arguable basis in law or fact for either injunctive or monetary relief. He did not suffer a continuing and irreparable injury without an adequate remedy at law which would entitle him to permanent injunctive relief. Dayton Christian Schools, Inc. v. Ohio Civil Rights Comm'n, 766 F.2d 932, 961 (6th Cir.1985), rev'd on other grounds, 477 U.S. 619 (1986) (quoting Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir.1982), cert. denied, 460 U.S. 1083 (1983)). Page's complaint admits that Albertson eventually did provide him with a notice of hearing, thus setting a date for consideration of his motion. Additionally, Page has failed to cite any case, and our research has not disclosed any case, which grants Page a constitutional right to speedy access to the court's in a noncriminal case. Thus, Page provides no basis for his claim of entitlement to monetary relief.
 
 
 7
 Our affirmance of the district court decision, however, is made without prejudice to any showing by Page of an absolute denial of access to the courts rather than merely a delay of access.
 
 
 8
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.