918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Lewis COLEMAN, Plaintiff-Appellant,
v.
Neil RONE, Warden, Alan Bargen, Ron Bloebaum, Defendants-Appellees.
 No. 90-5352.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Lewis Coleman, a Tennessee prisoner, appeals from the district court's dismissal of his civil rights complaint which he filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Coleman named as defendants, Neil Rone, Warden at the Lake County Regional Prison in Tennessee; Alan Bargen, Administrative Captain at the prison; and Ron Bloebaum, a unit manager at that facility. Coleman has alleged that, as a result of a grievance that he filed in August of 1989, fellow inmate Anthony Burks was moved to another section of the prison. However, on November 17, 1989, defendant Bloebaum allegedly returned Burks to guild 6, where he was previously housed with the plaintiff, without approval or authorization from the warden or the grievance board. As a result of this act, Coleman has charged Bloebaum with reckless disregard, gross negligence and callous indifference to Coleman's safety in the prison and to the safety of Coleman's fellow inmates.
 
 
 3
 The district court determined that the plaintiff had failed to assert a violation of any constitutional right and that his allegations of conspiracy and negligence did not rise the level of a constitutional deprivation. The court then dismissed Coleman's complaint for failure to state a claim.
 
 
 4
 Upon review, we conclude that the district court improperly dismissed the complaint, sua sponte, without explicitly stating that the provisions of 28 U.S.C. Sec. 1915(d) were being invoked, as required by the holding in Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Neither did the district court permit the indigent plaintiff to amend his complaint or respond to a notice of the court's intent to dismiss sua sponte, pursuant to the requirements set forth in Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983).
 
 
 5
 Accordingly, the district court's order is hereby vacated and remanded, in order that it may conform its procedures with the requirements as explained above. Rule 9(b)(6), Rules of the Sixth Circuit.