918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. ERVIN, Plaintiff-Appellant,
v.
Hartwell HATFIELD, Tom Mathis, Alton Hesson, Ray Brandon,
Doris Jenkins, LT. Tom Rickman, Defendants-Appellees.
 Nos. 90-5166, 90-5196.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert A. Ervin filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against five Tennessee prison officials, including the Warden of the Tennessee Turney Center Industrial Prison and the Director of Correctional Enterprises. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ervin alleged in his complaint that he had received a disciplinary report and was called before the prison disciplinary board to hear the charge, which charge was thereafter dismissed. Subsequently, the prison grievance committee determined that Ervin was entitled to backpay for the day of work he missed because of the "write-up." However, an administrative assistant for the Tennessee Department of Corrections later informed the defendants that their decision and recommendation to award backpay could not be enforced because it was in conflict with the correct interpretation of prison policy.
 
 
 3
 Ervin then filed suit, seeking the backpay in question, damages, and declaratory and injunctive relief. The plaintiff argued that the prison policy created a liberty interest, cognizable under Sec. 1983, which was denied him without due process. The district court dismissed Ervin's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Ervin requests appointment of counsel, on appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Ervin's complaint as frivolous, as it has no arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Thus, the district court committed no error by dismissing the complaint, sua sponte, pursuant to Sec. 1915(d), without allowing the petitioner to amend his complaint. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 5
 Moreover, the district court correctly found that Ervin's grounds for relief did not state claims of constitutional magnitude, cognizable in a Sec. 1983 action. Prison employment is not a liberty interest protected by the Constitution. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983). Further, the applicable prison policy in regard to backpay did not apply to Ervin's situation. Finally, the regulation did not contain applicable mandatory language sufficient to create a property interest for which Ervin was entitled to due process before being deprived of the wages in question. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989); Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 6
 Accordingly, the appellant's request for counsel is denied; and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.