19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny MEEKS, Plaintiff-Appellant,
v.
David MILLS; Tom Kirk; Roger Duncan; Matt Haynes;
William Pope; Larry Davis; David Cook,
Defendants-Appellees.
 No. 93-5664.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Danny Meeks, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. Because the defendants were not served below, they have not made an appearance on appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Meeks filed his civil rights action against the warden of the Morgan County Regional Correctional Facility (MCRCF), a unit manager at MCRCF, two MCRCF officers, a retired district attorney general, and two Tennessee Bureau of Investigation agents, making various allegations that the defendants conspired to violate his civil rights by reclassifying him from minimum restricted security to close security. The district court dismissed the complaint, sua sponte, because: 1) the claims against defendants Mills, Kirk, Duncan and Haynes were already the subject of a pending action in the district court, Meeks v. Reynolds, et al., Civil Action No. 3-92-434 (E.D.Tenn.), and a second lawsuit against these defendants on the same facts would be repetitive, 2) the conspiracy claims against defendants Pope, Davis and Cook were vague and conclusory allegations unsupported by material facts, see Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987), and 3) Meeks made the same generalized conspiracy claims against defendants Pope, Davis and Cook in a prior case and the principles of res judicata precluded him from again filing another lawsuit against these same defendants, raising the same or similar claims, based upon the same facts. King v. South Central Bell Tel. & Tel. Co., 790 F.2d 524, 528-29 (6th Cir.1986).
 
 
 4
 Pursuant to Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), a district court may not sua sponte dismiss a suit unless it first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Had the district court in this case relied explicitly on Sec. 1915(d) we would see no grounds for reversal. We are, however, unable to determine from the record whether the district court intended to dismiss the case as frivolous under Sec. 1915(d). The court makes a reference at one point to Sec. 1915(a); did it mean (d)? In view of our uncertainty, the case is remanded to the district court for clarification. The district court is instructed to amend its judgment to state that dismissal is ordered pursuant to Sec. 1915(d) if that was its intent, or, if the court determines that the complaint is not frivolous, to reopen the case and apply the Tingler procedures.
 
 
 5
 Accordingly, the district court's order is hereby vacated and the case is remanded pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation