831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vicki Lynn JONES, Plaintiff,
Fadee Mulazim, Plaintiff-Appellant,
v.
Perry M. JOHNSON, Robert Berles, Robert Redman, James
Pogats, Gene Borgert, E. Elkins, M. Meador, David J.
Burnett, Mr. Ford, Mr. Roberts, Mr. Deleeuw, Mr. Palmer, Mr.
Rink, James Malocha, Ronald Baptist, Mr. Morris, Mr. Nobles,
Sandra Phelps, Michael Hartford, Defendants-Appellees.
 No. 87-1312
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN B. NORRIS, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant is an indigent state prisoner confined at the Huron Valley Mens Facility in Yspilanti, Michigan. In July of 1984, he and his financee filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against nineteen employees of the Michigan Department of Corrections. In their pro se complaint, the plaintiffs essentially alleged that their first, fourth and fourteenth amendment rights had been violated by the appellees' refusal to appoint appellant's financee as a representative of his religious order and by the appellees' actions with regard to four major misconduct reports filed against the appellant from 1983 to 1984. After an order of default had been entered against the appellees, special appearances were made in their behalf to set aside the default based upon a lack of personal jurisdiction. The district court rejected the appellees' arguments, but set aside the default judgment and dismissed the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. In so doing, the district court made no reference to 28 U.S.C. Sec. 1915 or its provisions concerning frivolous in forma pauperis actions. Nor were the plaintiffs put on notice by the district court, or the appellees' motions, that their action would be scrutinized for failure to state a claim.
 
 
 3
 We accordingly, vacate the district court order and remand the case. This court in Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir. 1985), has indicated that sua sponte dismissals of in forma pauperis actions without service of the complaint or prior notice to the plaintiff may only be had when the district court expressly states that 28 U.S.C. Sec. 1915(d) is being invoked and that the complaint is being dismissed as frivolous. 784 F.2d at 224. The present order of dismissal entered by the district court makes no reference to 28 U.S.C. Sec. 1915 nor its provisions for dismissal of frivolous appeals under subsection (d). Because the district court order violates the principles of Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983) and Harris v. Johnson, 784 F.2d at 223-24, we are compelled to vacate the order of March 17, 1987, and remand the case pursuant to Rule 9(b)(6), Rules of the Sixth Circuit. On remand, the district court's attention is directed to paragraphs 45 through 50 of the complaint which alleges various violations of the appellant's right to freedom of religious exercise under the first amendment. Further disposition of the appellant's action should include consideration of these claims as well as those procedural due process claims arising from appellant's four major misconduct reports.