845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Elles LANG, Plaintiff-Appellant,
v.
William SEABOLD, Defendant-Appellee.
 No. 89-7563.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1988.
 
 Before LIVELY, MILBURN and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Appellant, James Elles Lang, filed a 42 U.S.C. Sec. 1983 action against the defendant prison warden alleging that a urine sample was improperly used as evidence against him in a prison disciplinary proceeding. He now appeals the district court's 28 U.S.C. Sec. 1915(d) sua sponte dismissal of the claim. Because appellant has failed to state a deprivation of a liberty interest, we affirm.
 
 I.
 
 2
 Appellant is an inmate at Luther Luckett Correctional Complex in LaGrange, Kentucky. On January 10, 1986, he submitted to a urine drug-screen test. He alleges that following the administration of the test, "I had been approached and offered to have my urine sample 'switched' for a fee by another resident." The results of the test were positive for marijuana.
 
 
 3
 On February 18, 1986, a hearing was held before the institutional Adjustment Committee. The Committee found appellant guilty of unauthorized use of drugs or intoxicants. He appealed the Committee's decision to the warden. Appellant alleges in the complaint that he told the warden "That it was common knowledge that these test (sic) could be switched." The warden upheld the decision of the Adjustment Committee. Appellant lost sixty days good-time credit, suspended for ninety days, and alleges the drug report will have an adverse affect on his eligibility for parole.
 
 
 4
 Appellant filed this pro se Sec. 1983 claim on June 18, 1986. His motion to proceed in forma pauperis was granted. The district court found that the claim was patently frivolous on its face and dismissed it on June 30, 1986 pursuant to 28 U.S.C. Sec. 1915(d). Specifically, the court read the tangled syntax of appellant's statement that, "I had been approached and offered to have my urine sample 'switched' for a fee by another resident," to mean that appellant himself sought to have his urine sample switched. The court therefore dismissed the complaint as frivolous after first observing:
 
 
 5
 Plaintiff admits he either violated the regulations at Luther Luckett Correctional Complex (by switching the urine samples for a fee) if not, in fact, the law, and yet comes to this Court seeking relief from his own bad actions claiming the Adjustment Committee therefore did not heed his warning that urine samples were switched and the urine sample had not been kept in a secure area.
 
 
 6
 From the dismissal, appellant now appeals.
 
 II.
 
 7
 A court may dismiss an in forma pauperis suit pursuant to 28 U.S.C. Sec. 1915(d) if there is "no set of facts which would entitle [plaintiff] to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). This standard is identical to that for dismissals pursuant to Rule 12(b)(6) Fed.R.Civ.P. Id. In applying this standard, a court should liberally construe a pro se complaint. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 8
 It is evident that the district court misread the intended meaning of the appellant's garbled complaint. Although poorly expressed, the appellant's complaint was an attempt to allege that another inmate had offered appellant the opportunity to have appellant's urine sample switched, not that appellant asked another to switch the sample. The district court's dismissal was based therefore on an understandable misreading of the complaint.
 
 
 9
 Generally, where a district court dismisses a complaint as frivolous without stating explicitly that it is doing so pursuant to Sec. 1915(d), a remand is necessary. Harris, 784 F.2d at 224. In this case, the district court stated explicitly that it was dismissing pursuant to Sec. 1915(d), although it found the complaint frivolous based on a misreading of its inartfully cast language. Thus, the case falls within the general rule that this court may affirm the district court for reasons other than those stated by the lower court. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 204, 216 (6th Cir.1985).
 
 
 10
 To be entitled to recovery pursuant to 42 U.S.C. Sec. 1983, a plaintiff must plead two elements: (1) "that the defendant deprived him of a right secured him by the 'Constitution and laws' of the United States," and (2) "that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage of any Territory or State.' " Adickes v. Kress & Co., 398 U.S. 144, 150 (1970). Appellant's complaint fails to allege the first element. The complaint does not plead the deprivation of a liberty interest.
 
 
 11
 Construing the complaint liberally, the most that is alleged is that someone offered the appellant the opportunity to switch his urine sample, and that such samples were negligently kept in an unsecured area. Although raising questions about how urine samples are handled within the prison, the complaint says nothing related directly to appellant's urine sample. Nowhere does he allege that his urine sample was switched. In order to establish a deprivation of a liberty interest the appellant must show that his urine sample was switched, and that the decision of the Adjustment Committee was therefore based on incorrect evidence. Having failed to allege that his urine sample was switched, appellant has failed to allege "that the defendant deprived him of a right secured by the 'Constitution and laws.' " Adickes, 398 U.S. at 150 (emphasis added).
 
 
 12
 The judgment of the district court is AFFIRMED