860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamar FLETCHER, Plaintiff-Appellant,
v.
CITY OF MEMPHIS POLICE DEPARTMENT; L.D. Hardy; M.
Williams; D. Robertson; J.F. Garner; J.D. Welch; W.
Dale; J.E. Garner; John W. Campbell; A.C. Wharton; Elly
Hood; Margie McDaniel; Rudy McDaniel; Clyde McDaniel;
John Doe (Surety Company and/or Bonding Agencies),
Defendants-Appellees.
 No. 88-5404.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lamar Fletcher, a pro se Tennessee state prisoner, appeals the district court's dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiff sued the Memphis Police Department, several police officers, two public defenders, his parole officer, and several witnesses from his 1985 criminal trial, alleging that they had conspired to deny him his constitutional rights. The district court dismissed the case sua sponte, stating that venue was improper in the Middle District of Tennessee, and that the action was barred by the one year statute of limitations applied to Sec. 1983 cases in Tennessee.
 
 
 4
 Upon consideration, we conclude that the sua sponte dismissal in this case did not comply with the holding of Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), in that the district court did not give the plaintiff an opportunity to amend deficiencies in the complaint; nor did it dismiss the case as frivolous expressly citing 28 U.S.C. Sec. 1915(d). See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986). Furthermore, the grounds relied on by the district court are personal defenses waivable by the defendants, and are accordingly not properly raised sua sponte. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Holloway v. Gunnell, 685 F.2d 150, 153 (5th Cir.1982).
 
 
 5
 Accordingly, the district court's judgment is hereby vacated, and the case is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation