863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alvin Ray BAILEY, JR., Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden, Northpoint Training Center; Joe
Rion, Lt., Defendants- Appellees.
 No. 88-5493.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges and RICHARD A. ENSLEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alvin Ray Bailey appeals the dismissal of his prisoner civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Bailey was found guilty of assaulting a prison employee and was sentenced to 180 days segregation and 180 days loss of good time in a prison disciplinary proceeding. Bailey alleged that the defendant prison officials deprived him of due process in the disciplinary proceeding.
 
 
 4
 Upon consideration, we conclude that the complaint was properly dismissed because it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). First, the disciplinary committee was within its considerable discretion to refuse requested witnesses. See Ponte v. Real, 471 U.S. 491, 495-99 (1985); Baxter v. Palmigiano, 425 U.S. 308, 320-22 (1976). Second, plaintiff was provided a disciplinary committee that did not "present a hazard of arbitrary decision making." See Wolff v. McDonnell, 418 U.S. 539, 570-71 (1974); Walker v. Hughes, 558 F.2d 1247, 1258-59 (6th Cir.1977). Further, the assaulted employee's written statement constitutes "some evidence" supporting the committee's decision. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Finally, the committee's statement of the evidence relied upon and the reasons for its decision is constitutionally adequate under the circumstances of this case. See Wolff, 418 U.S. at 564-65; Franklin v. Aycock, 795 F.2d 1253, 1262-63 (6th Cir.1986).
 
 
 5
 Therefore, the judgment of the district court is affirmed Rule 9(b)(5), Rules of the Sixth Circuit.