872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Bernard SANDERS; Christopher R. Bass, Plaintiffs-Appellants,
v.
Stephen NORRIS; H.R. Rose; Aileene Love, Defendants-Appellees.
 No. 88-6090.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges and CHARLES M. ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gary Bernard Sanders and Christopher R. Bass appeal the dismissal of their prisoner civil rights action filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiffs alleged that the defendant prison officials wrongfully refused to release plaintiff Bass' mental health records so that plaintiff Sanders, an inmate legal advisor, could assert a claim that Bass was incompetent to stand trial via post-conviction petition. The district court concluded that plaintiffs made no factual allegations implicating a constitutional deprivation and dismissed the complaint. Upon consideration, we conclude that the complaint was properly dismissed.
 
 
 4
 We affirm the district court's judgment because it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). First, plaintiffs' requests for copies of Bass' mental health records is precluded under prison policy. See T.D.O.C. Policy # 113.72 VI. E.3. However, the same policy provides for release of these records upon court order or for review of these records upon request by Bass with the approval of a knowledgeable psychiatrist or psychologist. Moreover, plaintiffs have not been denied access to the courts. As noted by the district court, plaintiffs are free to assert a claim of incompetence to stand trial via post-conviction petition and to seek a court order to obtain relevant prison records.
 
 
 5
 Accordingly, the judgment of the district court is affirmed Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation