899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane Herman DAVIS, Plaintiff-Appellant,
v.
Phil MADDOCK, et al., Defendants-Appellees.
 No. 89-2070.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 Before MERRITT, Chief Judge; KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner has filed a motion for appointment of counsel in his appeal from the district court's judgment dismissing his complaint as frivolous and malicious pursuant to 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Duane Davis was convicted of drug offenses arising from his role in a major drug operation. His convictions were affirmed on appeal. United States v. Davis, 809 F.2d 1194, 1204-05 (6th Cir.), cert. denied, 483 U.S. 1008 (1987).
 
 
 3
 Proceeding under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1964, Davis filed a complaint in which he alleged that defendants conspired to deprive him of a fair trial. He alleged principally that defendants mislead the grand jury and the trial court by presenting Reginald Davis as the organizer of the drug scheme, and at the last moment dismissing the indictment against Reginald. Davis complained that his conviction for conducting a continuous criminal enterprise, see 809 F.2d at 1204, resulted because he was selected to fill the "vacancy." He also alleged the existence of a "bribery-type agreement" and the release of confidential information. He asserted that defendants acted "with the pretense of obtaining a conviction against [him] by any means possible." Davis requested declaratory, monetary and injunctive relief.
 
 
 4
 The magistrate granted Davis's motion to proceed in forma pauperis and directed service on defendants. The order directing service was withdrawn as premature. Davis filed a motion for leave to file an amended complaint and indicated his intent to name additional defendants. The district court dismissed the complaint without specifically ruling on the motion to amend or other pending motions. Davis filed a motion to reconsider, which the district court denied.
 
 
 5
 Upon review we conclude that Davis's complaint was properly dismissed as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). Contrary to Davis's assertion that Malone v. Colyer, 710 F.2d 258 (6th Cir.1983), sets out the standard for dismissal under Sec. 1915(d), the appropriate standard is that stated in Neitzke. See 109 S.Ct. at 1832-33.
 
 
 6
 Davis's argument that he was entitled to notice and an opportunity to respond prior to dismissal lacks merit. While sua sponte dismissals are generally disfavored, see Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), the protections sought by Davis and required under Tingler are not necessary when an action is dismissed as frivolous under 28 U.S.C. Sec. 1915(d). See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 7
 The assertion that remand is required because the district court failed to rule on pending motions is also without merit. Dismissal of the underlying complaint rendered the motions moot.
 
 
 8
 Accordingly, all pending motions are hereby denied and the judgment of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.