927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard THARPE, Plaintiff-Appellant,
v.
Ronnie E. TOUGETTE, Sheriff, John Doe(s), Deputy Sheriffs,
Jane Doe(s), Deputy Sheriffs, Defendants-Appellees.
 No. 90-6237.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1991.
 
 M.D.Tenn., No. 90-62428; Turuer, J.
 M.D.Tenn.
 VACATED AND REMANDED.
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Howard Tharpe, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 23, 1986, Tharpe was arrested on a charge of forgery and passing forged papers. He was detained in the Humphrey County, Tennessee jail from February 23, 1986 to May 9, 1986, on that charge. On June 19, 1990, Tharpe filed this suit against the sheriff of Humphrey County and his deputies alleging that he was illegally arrested and detained. He sought monetary and injunctive relief. The district court sua sponte dismissed the complaint, finding that it was time barred by the one year statute of limitations contained in Tenn.Code Ann. Sec. 28-3-104.
 
 
 3
 On appeal, Tharpe reasserts his claims and additionally argues that his cause of action did not accrue until February 21, 1990, when the forgery charges were officially dismissed.
 
 
 4
 Upon review, we shall vacate the district court's judgment and remand the case for further proceedings. Pursuant to Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), and its progeny, a district court cannot sua sponte dismiss a suit unless it first gives plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. Id. at 1111-12; Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). The district court did neither in this case. Consequently, the case is remanded to the district court for compliance with the Tingler doctrine.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the case is remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.