4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert KNOX, Plaintiff-Appellant,
v.
T & T TRUCKING, INC., Defendant-Appellee.
 No. 93-5263.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Robert Knox, pro se, appeals a district court order dismissing his claim, sua sponte, for failure to state a cause of action under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. Sec. 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The defendant, T & T Trucking, Inc., discharged the plaintiff from its employ on March 19, 1992. Knox was employed as a "city truck driver" by T & T Trucking, from September 1991 until he was discharged in 1992. The employer's separation notice listed the reasons for his discharge as his inability to get along with other employees and his "unsafe operation of company vehicle." The record shows that on at least three occasions prior to Knox's discharge, fellow employees had reported to the management of the company that Knox had, either negligently or intentionally, almost hit these employees who had been standing in the vicinity of Knox's truck at the time he was operating it.
 
 
 4
 Apparently, the last such incident ended with Knox making a disrespectful remark to one of the supervisors over a company radio. At that point, various supervisors met and decided that this misconduct, along with Knox's past history of unsafe operation of company vehicles, necessitated his termination.
 
 
 5
 In his original complaint, Knox alleged that he was fired "for misconduct, that the president of the company felt that the plaintiff threating [sic] a supervisor by saying that he close [sic] his doors, when the supervisor left the plaintiff [sic] trailer doors open." Knox made no further statements to support his claim of discrimination. A magistrate judge issued an order directing Knox to amend his complaint by adding specific facts to support his claim that T & T fired him because of his race. The magistrate judge clearly described Knox's burdens of showing that he was treated differently from employees of other races and of showing how these employees were similarly situated. Lastly, the magistrate judge warned Knox that mere opinions, beliefs and conclusory allegations would not be sufficient to state a cause of action under Title VII, and that Knox must amend the complaint in compliance with the order or the complaint would be dismissed.
 
 
 6
 Knox then filed an amended complaint, along with supporting documentation, attempting to show discriminatory action on T & T's part. Specifically, Knox presented four "causes of action" describing incidents that occurred prior to his discharge in which he was accused of either intentionally or negligently operating a company truck by nearly running over other employees. Knox also submitted a copy of a letter from the Tennessee Department of Employment Security Unemployment Compensation Division and an accompanying transcript, both of which were generated by his state unemployment benefits claim based on this discharge from T & T Trucking. The district court then entered an order dismissing Knox's case.
 
 
 7
 Although not specifically stated as a dismissal under Fed.R.Civ.P. 12(b)(6), the district court's order will be reviewed de novo, as the district court determined that the complaint failed to state a cause of action. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). This court must construe the complaint in a light most favorable to the plaintiff, accept all his factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in order to support a claim that would entitle him to relief. Meador, 902 F.2d at 475; Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990).
 
 
 8
 Generally, a district court may not sua sponte dismiss a plaintiff's suit unless it first gives the plaintiff an opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). However, in this case, the district court did give Knox the chance to amend his complaint, providing him with directions on how he might change his complaint so that it properly states a cause of action under Title VII.
 
 
 9
 The district court was correct in finding that Knox has not carried his initial burden of establishing a prima facie case of race discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803 (1973). Merely pointing out that members of another race were involved in incidents that led to his ultimate discharge does not show that these employees were ever in a similar situation or had an employment record similar to Knox's, but were not discharged, which would make out a cause of action under Title VII. See Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992); Davis v. Monsanto Chem. Co., 858 F.2d 345, 347 (6th Cir.1988), cert. denied, 490 U.S. 1110 (1989). Although this court has a liberal standard of review under Fed.R.Civ.P. 12(b)(6), we need not accept Knox's legal conclusions and unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 10
 Accordingly, the district court's order dismissing this case is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation