51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis L. FLATT, on Behalf of Samantha M. FLATT, a minor,
Plaintiff-Appellant,
v.
William G. SCHMA, individually and as an officer of the 9th
Judicial Circuit Court for Kalamazoo County,
Kalamazoo, MI, Defendant-Appellee.
 No. 94-2054.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 BEFORE: JONES, CONTIE and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Dennis L. Flatt, a pro se Michigan resident, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983 and 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Defendant has informed the court that he will not be filing a brief.
 
 
 2
 Seeking monetary and injunctive relief, Flatt, on behalf of his minor daughter, sued William G. Schma, a state court judge. Flatt alleged that during a hearing, Judge Schma ordered that Flatt be denied access to the court's staff, be denied access to the counsel corridor which was reserved for attorneys, and be denied pauper status as a result of Flatt's behavior toward court personnel. Flatt felt that Judge Schma's actions violated his due process rights, prevented him from petitioning the government with his grievances, and constituted cruel and unusual punishment. The district court sua sponte dismissed the complaint as frivolous noting that Judge Schma was entitled to absolute judicial immunity.
 
 
 3
 In his timely appeal, Flatt's brief is construed as arguing that Judge Schma was not entitled to judicial immunity and that the district court erred in dismissing the complaint sua sponte. Flatt requests oral argument, appointed counsel, and injunctive relief.
 
 
 4
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1198-99.
 
 
 5
 Flatt's claims are barred by judicial immunity. A judge will not be subject to suit for judicial acts. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Id. at 356-57. However, a judge will be subject to liability if he acts in the clear absence of all jurisdiction. Id. Judge Schma is entitled to judicial immunity as it is clear that his decisions were issued pursuant to his judicial function as a presiding judge. See Burns v. Reed, 500 U.S. 478, 495-96 (1991). Finally, because the district court expressly found Flatt's complaint to be frivolous, the district court could sua sponte dismiss the complaint without giving Flatt the opportunity to correct the deficiencies in the complaint. See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 6
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.