51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George M. WALLACE, Plaintiff-Appellant,
v.
John R. ADAMS, Circuit Court Judge in his personal and
individual capacity; Robin Gwinn, Deputy Commonwealth
Attorney in personal and individual capacity; Tamera
Gromley, Deputy Commonwealth Attorney in personal and
individual capacity; Maria Neal, Detective in personal and
individual capacity; Lewis Paisley, former Fayette District
Court Judge, now Circuit Court Judge in his personal and
individual capacity; Tom Chapuk; Officer Bostrum, and his
securities and bonding companies; Lexington Fayette Urban
County Division of Police; Larry Walsh, Chief of Police;
John R. Adams, and securities and bonding companies,
professional and judicial capacity; Robin Gwinn, and
securities and bonding companies in professional capacity;
Tamera Gromley, and her security and bonding companies, in
her professional capacity; Maria Neal, and securities and
bonding companies in professional capacity; Lewis Paisley,
sued as Lewis Paislay, and his securities and bonding
companies, in his professional and judicial capacity,
Defendants-Appellees.
 No. 94-5878.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1995.
 
 1
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 George M. Wallace, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Wallace sued a plethora of judges, attorneys, police, prosecutors, and bonding companies. The defendants were sued in their individual and official capacities. Wallace essentially alleged that his Fourteenth Amendment rights were violated when 1) he was arrested pursuant to a warrant without probable cause; 2) he was subjected to double jeopardy and prosecutorial misconduct; and 3) the defendants conspired to convict him of a felony assault charge. Noting that most of Wallace's claims had been addressed and rejected in a previous petition for habeas relief, a magistrate judge recommended dismissing the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review, the district court adopted the magistrate judge's report stating that Wallace had not filed specific objections to the report.
 
 
 4
 In his timely appeal, Wallace appears to argue that the district court erred in dismissing his complaint without serving the defendants and in failing to rely on the cases which he cited in his objections to the magistrate judge's report. He requests the appointment of counsel.
 
 
 5
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1198-99.
 
 
 6
 As the district court properly noted, Wallace filed only general objections to the magistrate judge's report. General objections to the entirety of a magistrate judge's report have the same effect as would a failure to object. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). A party must make specific objections in order to pinpoint those portions of the magistrate judge's report that the district court must specifically consider, or else the party waives the issues on appeal. Id. In his objections, Wallace states that he highly objects to all of the magistrate judge's findings that his allegations were without merit and were frivolous. Wallace then proceeds to replicate the factual allegations of his complaint with an occasional case citation. Pursuant to Howard, Wallace's arguments on appeal are meritless as they were not properly preserved in the district court.
 
 
 7
 We further note that although Wallace contends that the district court should not have sua sponte ruled on the merits of his complaint without first serving the complaint on the defendants, because the district court expressly found Wallace's complaint to be frivolous, the district court could dismiss the complaint without serving the defendants. See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Finally, Wallace objects to the fact that the district court did not rely on several cases which he cited in his objections to the magistrate judge's report. However, none of the cases are applicable to this case.
 
 
 8
 Accordingly, we deny the request for the appointment of counsel and affirm the district court order. Rule 9(b)(3), Rules of the Sixth Circuit.