54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John HACKETT, Plaintiff-Appellant,
v.
STATE Of Tennessee, Defendant-Appellee.
 No. 94-5311.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 John Hackett, a pro se Tennessee resident, appeals a district court judgment dismissing his petition for removal filed pursuant to 28 U.S.C. Sec. 1443. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Hackett is a criminal defendant being prosecuted for driving on a revoked license. Hackett sought removal of his criminal case contending that the State of Tennessee has no authority to require him to hold a driver's license. The district court determined that Hackett's claim was frivolous pursuant to 28 U.S.C. Sec. 1915(d) and remanded the case to the state court.
 
 
 4
 Hackett sought leave to appeal in forma pauperis to this court pursuant to Fed. R. App. P. 24(a). Hackett's motion was denied and he sought reconsideration of this court's order. Despite his motion for reconsideration, Hackett timely paid the required filing fee. In his brief on appeal, Hackett essentially argues that the district court erred: 1) in dismissing the petition for removal; 2) in failing to serve the defendant with the petition; and 3) in barring him from filing future suits. Hackett also alleges that the district judge was biased.
 
 
 5
 Initially, we note that Hackett has requested the court to reconsider its order denying his motion to proceed in forma pauperis on appeal. Because Hackett timely paid his filing fee, his motion for reconsideration is denied as moot.
 
 
 6
 The dismissal of a case pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 7
 The district court did not abuse its discretion in dismissing Hackett's petition for removal. Hackett sought removal of his state criminal case charging him with driving on a revoked license. Hackett's arguments do not establish that he is entitled to removal under the provisions of Sec. 1443(1). See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966).
 
 
 8
 Hackett contends that the district court should have served the State of Tennessee with the petition prior to dismissal. However, because the district court expressly dismissed Hackett's petition as frivolous under Sec. 1915(d), the district court could sua sponte dismiss the petition without serving the State of Tennessee. See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir. 1986). Hackett also argues that the district court improperly barred him from filing any future actions. A review of the district court's order shows that this argument is meritless. Finally, because the district court's disposition of this case was clearly proper, we do not need to address Hackett's allegation that the district judge was biased.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation