59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Len MARTUCCI, Plaintiff-Appellant,
v.
Phylis TAYLOR; Jack Carter; Lonnie Dietrich; Ricky Bell,
Defendants-Appellees.
 No. 95-5149.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Len Martucci moves for the appointment of counsel on appeal from a district court judgment dismissing as frivolous his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Martucci filed his complaint in the district court alleging that he was denied work credits and a promised prison job as a cosmetology school teacher's aide after he refused to sign a false certification of the hours of his participation in the cosmetology program. Plaintiff named the defendant prison officials in their individual and official capacities and sought injunctive relief and compensatory and punitive damages. The magistrate judge recommended that the complaint be dismissed as frivolous, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. Thereafter, the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 4
 Upon consideration, the judgment is affirmed for the reasons stated by the district court in part and for reasons other than those stated by the district court in part. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under Sec. 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 112 S.Ct. at 1733 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." Id. Here, the district court did not abuse its discretion in dismissing plaintiff's complaint.
 
 
 5
 Insofar as plaintiff sought injunctive relief in the form of additional work good-time credits, the district court properly dismissed plaintiff's complaint. Generally, the exclusive remedy available to a plaintiff for good-time credits is in habeas corpus under 28 U.S.C. Sec. 2254, after the exhaustion of available state court remedies. Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974); Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see Heck v. Humphrey, 114 S.Ct. 2364, 2369-70 (1994). Plaintiff's claim on appeal that no state court remedies are available to him does not render his claim for good-time credits cognizable under Sec. 1983. Accordingly, the district court did not abuse its discretion in dismissing plaintiff's claim for additional good-time credits.
 
 
 6
 However, plaintiff's claims for money damages under Sec. 1983 were not addressed by the district court. Generally, claims for damages properly may proceed under Sec. 1983 even though a claim for additional good-time credits cannot. Wolff, 418 U.S. at 554-55. While an egregious abuse of a prison official's authority in retaliation for an inmate's exercise of constitutional rights may violate substantive due process, see Cale v. Johnson, 861 F.2d 943, 948-51 (6th Cir.1988), the facts alleged in this case simply do not rise to the level of a deprivation of due process. The acts alleged herein do not equate to the abuse at issue in Cale, where a prison guard allegedly subjected a prisoner to false disciplinary charges by instructing another inmate to plant narcotics on the prisoner's person in retaliation for a complaint about prison food. Id. Nor does plaintiff allege any other violation of his constitutional rights cognizable under Sec. 1983.
 
 
 7
 Finally, plaintiff's contention that the district court improperly dismissed his complaint without affording him an opportunity to amend the complaint is meritless. Generally, a district court may not dismiss a complaint sua sponte unless it first gives plaintiff an opportunity to correct deficiencies or unless the court dismisses the complaint as frivolous and cites to 28 U.S.C. Sec. 1915(d) in its judgment. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Here, the district court specifically dismissed plaintiff's complaint as frivolous pursuant to Sec. 1915(d). Further, plaintiff had an opportunity to address the deficiencies of his complaint in his objections to the magistrate judge's report and recommendation. Thus, dismissal of plaintiff's complaint was not an abuse of discretion.
 
 
 8
 For the foregoing reasons, the motion for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation