64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kavin Lee PEEPLES, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, Defendant-Appellee.
 No. 95-3176.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: KEITH, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Kavin Lee Peeples, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking $10 million in damages, Peeples sued the defendant Ohio Department of Rehabilitation and Corrections (ODRC). Although Peeples does not specify a theory of recovery, his complaint alleges the wrongful death of another inmate due to the ODRC's supposed negligence in housing Peeples (who murdered the inmate and was sentenced to life following his confession to the crime) in the general prison population despite a claimed mental disorder. In a memorandum opinion and judgment entered on January 11, 1995, the district court dismissed Peeple's complaint as frivolous, pursuant to 28 U.S.C. Sec. 1915(d), because the ODRC is not a "person" subject to suit for damages under Sec. 1983.
 
 
 3
 On appeal, Peeples argues that the district court violated his right to due process by dismissing his complaint without prior notice and an opportunity to amend. He has also filed a request that this court order the defendant to supply him with writing supplies to ensure his access to the courts.
 
 
 4
 Upon review, we conclude that Peeple's due process rights were not violated by the district court's dismissal of his complaint without prior notice or an opportunity to amend. A district court may not sua sponte dismiss a plaintiff's suit unless it first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). The district court did cite to Sec. 1915(d) in its judgment dismissing Peeples's complaint. Moreover, the district court did not abuse its discretion by summarily dismissing Peeples's complaint pursuant to Sec. 1915(d). See Denton v. Hernandez, 504 U.S. 25, ___, 112 S. Ct. 1728, 1734 (1992).
 
 
 5
 Finally, we deny Peeples's request that this court order the defendant to provide him with paper, pens, envelopes, and other supplies. To justify his request, Peeples states that he "foresees the ... violation of his constitutional right to access to the courts ... if this court does not intervene...." (emphasis added). Because the alleged constitutional violation is anticipatory, any injunctive relief would be inappropriate at this time.
 
 
 6
 Accordingly, the request for injunctive relief is denied. The district court's judgment, entered on January 11, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.