72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James Henry BROWN, Plaintiff-Appellant,
v.
UNITED STATES of America, Unknown Agents, Servants, and
Employees of the United States of America; Commonwealth of
Kentucky, Unknown Agents, Servants, and Employees of the
Commonwealth of Kentucky; Ford Motor Company, Defendants,
Jefferson County, Unknown Agents, Servants, and Employees of
County of Jefferson; City of Louisville, Unknown Agents,
Servants, and Employees of the City of Louisville; Donna
Lawhorne, Officer, Louisville Police Department; Halbieb,
Officer, Louisville Police Department; Chaucey Lattimer,
Officer, Louisville Police Department, Defendants-Appellees.
 No. 95-5426.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: MERRIT, Chief Judge; BATCHELDER, Circuit Judge and DOWD,* District Judge.
 
 ORDER
 
 2
 James Henry Brown appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Brown filed his complaint in this district court alleging that he was denied medical treatment as a pretrial detainee in the Jefferson County Jail in 1993, that he subsequently was convicted of carrying a concealed weapon and was charged with unrelated traffic offenses, and that he lost his job with the Louisville Police Department as a result of a conspiracy against him because of a 1981 law suit against Ford Motor Company. Plaintiff named the individual defendants in their individual and official capacities and sought compensatory damages of $5,000,000, punitive damages of $15,000,000,000, and reinstatement to the Louisville Police Department. The Commonwealth of Kentucky, Ford Motor Company and the United States moved to dismiss the complaint, and plaintiff id not respond in opposition. The district court granted the motions and dismissed the complaint with respect to those defendant. Following a pretrial conference, the district court dismissed the complaint as frivolous with respect to the remaining defendants.
 
 
 4
 Generally, this court reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. at 1240. However, mere conclusions need not be accepted as true under this standard. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 5
 Moreover, a complaint may be dismissed sua sponte as frivolous provided plaintiff is afforded an opportunity to correct deficiencies in the complaint. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). A complaint is frivolous where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous, a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 112 S.Ct. at 1733 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." Id.
 
 
 6
 Here, dismissal of plaintiff's complaint was proper. First, plaintiff's complaint was properly dismissed with respect to the Commonwealth of Kentucky, Ford Motor Company and the United States. Plaintiff simply alleged no act either entity which can be construed as actionable under Sec. 1983. Plaintiff simply alleged no act by either entity which can be construed as actionable under Sec. 1983 or the Federal Tort Claims Act. Further, plaintiff's complaint is frivolous with respect to the remaining defendants. Plaintiff stands convicted of the charges placed against him by the individual Louisville police officers, and plaintiff cannot state a cognizable claim related to those offenses absent a resolution of the charges in plaintiff's favor. See Heck v. Humphrey, 144 S.Ct. 2364, 2372 (1994).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation