83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles COTTEN, Plaintiff-Appellant,
v.
Roger CASLER; Mansfield News Journal; Paul I. Hutchison,
Defendants-Appellees.
 No. 95-3645.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Cotten, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cotten sued a former Mansfield police officer (Casler), the owner of the Mansfield News Journal, and a resident of Westerville, Ohio (Hutchison), for allegedly violating his rights under the Fifth, Eighth, and Fourteenth Amendments. He alleged that Casler gave false information during an official investigation into the death of Patrolman Michael Hutchison on or about February 6, 1976; that at the approximate time of his review by the Ohio Adult Parole Authority, a false and misleading article about him was maliciously printed by the owner of the Mansfield News Journal at the request of Paul Hutchison; and that he has been targeted by the defendants for bodily harm. As a result, according to Cotten, he has been subjected to the intentional infliction of emotional distress, severe pain and suffering, humiliation, a marked deterioration in health, and permanent injuries. Cotten sought a declaratory judgment, injunctive relief, $1.5 million in compensatory damages, $1.5 million in punitive damages, and a grant of state disability for permanent injuries.
 
 
 3
 In a memorandum and order entered on May 9, 1995, the district court dismissed Cotten's claim as frivolous, pursuant to 28 U.S.C. § 1915(d), without prejudice to any state law claim he may have. The district court concluded that, despite the liberal construction granted pro se pleadings, Cotten's action lacked an arguable basis in law because it did not contain allegations reasonably suggesting that Cotten might have a valid federal claim against these defendants.
 
 
 4
 On appeal, Cotten argues that the district court erred in dismissing his complaint as frivolous without giving him the opportunity to amend his complaint. As specific issues for appeal, Cotten states "that he has a federal and state constitutional right to due process of the law, to be free from retaliation, unreasonable risk of injury, suffering, to be free from cruel and unusual punishment, which have been violated by the defendants in this case."
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Cotten's complaint as frivolous under § 1915(d). See Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint, permitted to be filed without prepayment of any costs under 28 U.S.C. § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Initially, the district court did not err in dismissing Cotten's suit without giving him the opportunity to amend it. A district court may not sua sponte dismiss a plaintiff's suit unless it first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to § 1915(d) and expressly cites to that statute in its order. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). The district court cited § 1915(d) in its memorandum of opinion and order.
 
 
 7
 Cotten's complaint lacks an arguable basis in law as to defendants owner of Mansfield News Journal and Hutchison because it appears from the face of the complaint that they are not state actors and Cotten alleges, at most, a state tort claim against the defendants for printing the article as well as for any adverse consequences arising therefrom. To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 8
 The claim against defendant Casler was also properly dismissed. Although, as a police officer, Casler may have been acting under color of law when he allegedly gave information during the investigation into Patrolman Hutchison's death, Cotten presents absolutely no facts which would show that this action in any way impinged upon a federal constitutional or statutory right.
 
 
 9
 Finally, the district court properly found that Cotten's complaint contains mere vague and conclusory allegations of unconstitutional conduct unsupported by any facts which would arguably establish constitutional violations. On appeal, Cotten continues to make only general claims unsupported by specific facts and vague allegations of harm that would only be cognizable in state court.
 
 
 10
 Accordingly, the district court's order, entered on May 9, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.